39 CORTLANDT STREET CORPORATION, Appellant, *v.* MEYER LAMBERT, Respondent.

First Department, June 6, 1924.

Trusts — real estate held in trust for benefit of wife and daughter of testator and to be divided on death of daughter — renewal lease by trustee for five years executed before expiration of original five-year lease is void under Real Property Law, § 106 — said renewal lease is void under Real Property Law, § 105, as in contravention of trust — death of daughter prior to commencement of term of renewal lease made lease void — purchaser of property with notice of existence of renewal lease not estopped to deny its invalidity.

A renewal lease for five years, executed by a trustee holding property under a trust for the benefit of the wife and daughter of the testator, which provides that upon the death of the daughter the whole of the property shall be divided equally among the testator's grandchildren, is invalid under section 106 of the Real Property Law, where it is executed a short time after the original lease which is for a term of five years.

Furthermore, such a lease is void under section 105 of the Real Property Law as being in contravention of the trust created by the will, since the remaindermen were entitled to an immediate estate in possession on the death of the testator's daughter, and such an estate could not pass to them if it was incumbered by the renewal lease.

In any event, the termination of the trust by the death of the daughter prior to the commencement of the term of the renewal lease rendered that lease void, whether or not it was originally void. ·

A purchaser of the premises with knowledge of the existence of the renewal lease is not estopped to deny its invalidity, for the passing of title cannot validate that which the law has declared to be void, and, therefore, since the renewal lease was void, the purchaser was entitled to possession of the premises on the expiration of the original lease.

APPEAL by the plaintiff, 39 Cortlandt Street Corporation, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 18th day of December, 1923, affirming a judgment and order of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the defendant, dismissing upon the merits the plaintiff's petition in summary proceedings.

*Baldwin, Barns & Weeks* [*Ernest E. Baldwin* of counsel; *Richard F. Weeks* with him on the brief], for the appellant.

*Paul Englander* [*Samuel Greenbaum* of counsel], for the respondent.

McAVOY, J.:

The premises 39-41 Cortlandt street were held by Joseph P. Day as substituted trustee under title granted by the will of J. Monroe Taylor, deceased. In November, 1917, Mr. Day, as trustee, leased the stores to defendant Lambert for five years commencing on May 1, 1918, and expiring May 1, 1923. In February, 1919, Mr. Day, as trustee, offered Mr. Lambert the privilege of renewing the lease for a further term of three or five years from May 1, 1923. Mr. Lambert accepted the offer and on November 7, 1919, a lease of the stores to Mr. Lambert for a further term of five years from May 1, 1923, was executed by both parties. The 39 Cortlandt Street Corporation acquired title to the premises by deed dated February 24, 1920. The corporation, as landlord, gave Mr. Lambert notice to quit the premises on the expiration of the term first demised, *i. e.*, May 1, 1923, and then instituted this proceeding.

Mr. Day, under the will of his testator, was a " trustee appointed to hold real property during the life of a beneficiary, and to pay or apply the rents, income and profits thereof to, or for, the use of such beneficiary." The quotation is from section 106 of the Real Property Law, wherein such a trustee is given authority to execute a lease for a term not exceeding five years, without application to the court, and there is prescribed the procedure to be taken to authorize such a trustee to lease for a period exceeding

five years. The premises 39–41 Cortlandt Street formed a part of the residuary estate of J. Monroe Taylor. This residuary estate was held by the trustee in trust to pay $6,000 of the annual income to the testator's wife, Charlotte E. Taylor; to pay $6,000 thereof to the testator's daughter, Laura; to divide any balance of income equally between Mrs. Taylor and Mrs. Pope (Laura); and upon the decease of Mrs. Taylor to pay all the income to Mrs. Pope. Mrs. Taylor died prior to February 24, 1919. Upon the death of Mrs. Pope the trustee was to divide the residuary estate between the testator's grandchildren, one-half of the portion of each grandchild to be paid over when he became twenty-eight years old, and the other half when he became thirty-five years old. Mrs. Pope died in December, 1922, and all the testator's grandchildren were then more than thirty-five years of age. The trust had, therefore, terminated before the tenant's term for five years from May 1, 1923, could commence to run.

When the appellant took title to the premises, Mr. Day, as trustee, had leased the stores under date of November 12, 1917, for five years to commence on May 1, 1918. While that term had more than three years still to run, Mr. Day on November 7, 1919, executed a lease to Mr. Lambert for an additional five-year term to commence on May 1, 1923. Mrs. Taylor was dead but the trust still existed. The appellant's assignor, Mr. Ernest E. Baldwin, had contracted to purchase the property from one Katherine M. Watters, who presumably had contracted to purchase from Mr. Day. The sale was " subject also to lease to present tenants as per schedule hereto attached, the seller representing that said schedule is a correct statement of the leases of said premises, except as to the lease of the basement and ground floor; the lease of the basement and ground floor as set forth in the schedule is represented by the agent for the present owner to be a renewal of an existing lease and such renewal has not been signed by the landlord, but has been signed by the tenant."

The schedule showed a lease of the ground floor and basement, which are the premises in question, expiring in 1928. The landlord does not claim that it took title without notice of the above facts. It does claim that the question of notice is beside the point for either one of two reasons, viz.: (1) That under section 106 of the Real Property Law the second lease, *i. e.*, the lease for the five-year period to commence in 1923, was void *ab initio;* (2) that a trustee leasing for a period in excess of five years without authority from the court succeeds in granting to the lessee a term which cannot survive the termination of the trust, and in this case the trust

37

terminated in December, 1922. In other words, the second lease never took effect. It was either void *ab initio* or whatever binding force it may ever have had ceased with the termination of the trust.

The appellant claims that the lease under which the tenant asserts his right to hold over was void because, coupling together as of the time that lease was executed the terms demised by the two leases, the trustee leased for a period exceeding five years without authority.

The position of appellant is that Mr. Day was a trustee within the purview of section 106 of the Real Property Law, and had but authority to execute a lease for a term not exceeding five years. When he executed the first lease he exhausted the power conferred by the statute until that five-year term had passed. Therefore, it was incumbent upon him to obtain the court's authority for the execution of the second lease prior to the expiration of the first term. It is stipulated that he never did so.

If there is to be any forceful effect of the statute, it must be held that a term which extends beyond the lives of the beneficiaries under the trust is an illegal extension as to those whose rights arise against those of a lessee claiming under such a lease.

Besides, the provisions of the will of this testator are such as to render imperative a ruling that the second lease was rendered void under the express provision of section 105 of the Real Property Law, because it was in contravention of the trust created by the will.

The will of J. Monroe Taylor provides as follows: " Upon the death of my said daughter the whole of my estate undisposed of by the provisions of this will and the accumulations thereon shall be divided equally and go to my said grandchildren."

While the legal title to 39–41 Cortlandt street resided in the trustee on the date he extended the lease, the testator's grandchildren had vested remainders therein. The grandchildren were entitled to an immediate estate in possession on the death of the other life beneficiary, Mrs. Pope. Such estate could not pass to them in immediate possession if it was incumbered by the second lease. The incumbrance of the first lease was validated by section 106, but the second lease was not. Therefore, the second lease was in contravention of the trust.

In *Matter of City of New York [110th Street]* (81 App. Div. 27) the court said: " It is evident that if the trustees have the general power to lease for any term of years in their discretion, they may render it impossible to transfer the absolute share of a child [life tenant] to the issue [remaindermen], in the event such contingency should happen during the existence of the lease. If such a lease be

valid, then it is evident that absolute title could not be given to the issue of the child, as it would be subject to the incumbrance of the lease, and the estate thereby devised to that extent would be cut down."

Being in contravention of the trust, the second lease is absolutely void under the express provisions of section 105 of the Real Property Law, providing in its first sentence as follows: " If the trust is expressed in the instrument creating the estate, every sale, conveyance or other act of the trustee, in contravention of the trust, except as provided in this section, shall be absolutely void."

A demise for a term to commence in the future passes to the lessee a present interest in the premises, an *interesse termini.* If an individual owner in fee had on November 12, 1919, granted to Lambert a lease for five years to commence on May 1, 1923, he would immediately have become vested with a present interest. Either Mr. Lambert or the successor to his rights would under that grant have been entitled to enjoyment of a leasehold estate on May 1, 1923. But Mr. Day's capacity as trustee changed the whole character of the transaction. He had no right to pass a present interest to a future estate. The common law gave him no certain interest in the property which would necessarily exist on May 1, 1923. The trust might end prior thereto and terminate his title. The statute gave him no other rights because he did not act within its terms. Hence the lease could not operate as a present demise of a future term. As a lease, it was absolutely void. In any event, the termination of the trust in December, 1922, rendered void the second lease, whether or not it was originally void.

At common law a trustee having a legal estate in real property could lease for the entire term of such estate, and it was the settled law of this State at the time of the amendment by chapter 886 of the Laws of 1895 of the provision of the Revised Statutes, from which section 106 of the Real Property Law was originally derived, that such a lease was not binding on remaindermen, but was valid only for a period ending with the trust term. (*Weir* v. *Barker,* 104 App. Div. 112, 115.)

Prior to 1895 a trustee had power to lease only for the period of the trust estate. A five-year lease would then have become void upon the event of the contingency which would terminate the trust. Hence it could not bind the remaindermen. The statute governing leases by a trustee purposed to extend the trustee's power in this respect. By virtue of the statute a five-year lease will survive the termination of the trust and bind the remaindermen. Under the statute " the Supreme Court may  *  *  *  authorize such a trustee to lease such real property for a term exceeding

five years." Obviously the statute is in derogation of the common law. It must be construed to mean that a trustee who would make a lease must limit the term to five years or obtain the court's order for the execution of a lease of a longer term.

When the Legislature fixed the largest period at five years, it was clearly intended that such term should be the extreme limit of time during which the remaindermen could be denied their exclusive possession subsequent to the death of the life tenant. In the case of an application for permission to lease for a longer period, this limit could be extended beyond five years. No such facile device to defeat the statute can be permitted as results from dividing the tenancy into two or more leases, one for five years and the other to begin in the future when the former one ends.

The tenant claims, however, that the landlord is estopped to attack the second lease because it took title with notice of the same. The landlord does not claim to be a purchaser without notice. It does not predicate its right upon that theory. It claims that the lease was void *ab initio* as matter of law under the statute. It also claims that any grant of a right to possession of the premises after May 1, 1923, whether by way of a lease limited as to duration by the life of Mrs. Pope, the testator's daughter, such as the court recognized in *Matter of City of New York* [*110th Street*] (*supra*), or by way of a specifically enforcible contract to make a lease for five years from May 1, 1923, such as the court recognized in *Weir* v. *Barker* (*supra*), cannot be held valid now because the trust period has expired. The passing of title, whatever the circumstances, could not validate that which the law proclaims to be void, nor add years to that which the law limits in duration. The conveyance did not enlarge the effect of any existing incumbrance. The lease being void, the successor has the right to possession no less than heirs or devisees. The trustee cannot limit the remaindermen's estate by a conveyance in violation of law or of the will. The remaindermen get the whole fee and its unincumbered status passes to their grantee.

The determination appealed from and the order of the Municipal Court should be reversed, with costs in this court and in the Appellate Term, and the prayer of the petition granted, with costs.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Determination appealed from and order of the Municipal Court reversed, with costs to the appellant in this court and in the Appellate Term, and the prayer of the petition granted, with costs.