ANNA PARTHEY, Respondent, v. BENJAMIN BEYER, Appellant.

Second Department, January 10, 1930.

*Jacob Leiman,* for the appellant.

*Frederick C. Dowd,* for the respondent.

CARSWELL, J. Plaintiff seeks to have a certain agreement, made between herself and one Bernstein, a predecessor of the defendant, adjudged invalid, in that said instrument purported to lease agricultural land for a period of ten years from April 1, 1931, following and as an extension of a five-year period under a then existing instrument involving the same parcel. The effect of this instrument was to vest in the defendant's predecessor, Bernstein, a right to occupy the land for over twelve years. The invalidity asserted by the plaintiff is that this second instrument to Bernstein extending the time of his then existing tenure under the then existing lease was in violation of article 1, section 13, of the New York State Constitution, which reads: " No lease or grant of agricultural land for a longer period than twelve years, hereafter made, in which shall be reserved any rent or service of any kind, shall be valid."

The trial court gave judgment to the plaintiff, and in its decision it found as a fact that the lands involved were " agricultural lands." It made a conclusion of law that the second instrument effected a leasing of farm lands for a period cf more than twelve years and that " it is absolutely void." A conclusion of law was also made that an option of purchase contained in said void instrument was invalid.

The defendant on this appeal asserts (1) that the instrument is not void; (2) that the two agreements are capable of being performed in less than twelve years, and, therefore, should not be held invalid; (3) that the option is valid notwithstanding the invalidity of the instrument containing it; (4) that plaintiff is estopped to assert the instruments invalid; (5) that the evidence is insufficient to sustain a finding of the court that the premises in question were " farm lands or could be used for farm lands."

The fifth point is without merit as the evidence amply sustains the finding that the premises are agricultural lands.

The other four points relate to the law to be applied to what is

substantially an undisputed set of facts respecting the instrument attacked herein.

(1) On April 1, 1926, the plaintiff, who owned the property, and her husband, who had no interest therein, leased to one Teich, in writing, the premises for five years from that date. This lease was assigned, prior to February 28, 1928, by Teich to Bernstein. The plaintiff then made a lease in writing on February 28, 1928, to Bernstein for a ten-year period covering the self-same premises, to take effect upon the expiration of the original lease, at a rental of $100 a month, instead of $75 per month provided in the first lease. This latter lease is for " One dollar, and other good and valuable considerations." In addition to extending the old lease " for a period of ten years from the date of the expiration thereof, to wit, from April 1st, 1931 to April 1st, 1941," it also gave Bernstein an option, to be exercised by him or his assigns within three years, to purchase the property involved. On February 28, 1928, Bernstein assigned the first lease and the lease with the option in it to the defendant Beyer, characterizing the second lease, in the assignment, as an " extension " of the first lease.

It should be noted that, as a consequence of the foregoing two instruments, there vested in one individual, to wit, Bernstein, at the same instant, to wit, February 28, 1928, leases of the self-same agricultural lands for a period aggregating fifteen years  At the instant this condition arose but two of the years under the instruments had expired, leaving resident in the same individual at the same time leaseholds in excess of twelve years, the limit fixed in the constitutional provision above quoted. It is also to be noted that a rent was reserved payable as such in money, and that the leases contained no restriction as to the use to which the lands were to be put, by way of excluding the lands from the constitutional provision.

It has been held that where no rent as such is reserved in the instrument affecting agricultural lands the constitutional provision is not violated (*Parsell* v. *Stryker*, 41 N. Y. 480); that the creation of estates for life in agricultural lands does not fall within the condemnation of the constitutional provisions (*Stephens* v. *Reynolds*, 6 N. Y. 454; *Parsell* v. *Stryker*, *supra*; *Rutherford* v. *Graham*, 4 Hun, 796; *Parish* v. *Rogers*, 20 App. Div. 279); and that restricting the use of the land to purposes other than agricultural avoided the constitutional provision. (*Odell* v. *Durant*, 62 N. Y. 524.)

In *Clark* v. *Barnes* (76 N. Y. 301) it was held that where two leases were executed at the same time for the same agricultural lands for eight and twelve years respectively, both leases were void. The fact that in the case at bar the two leases were made at different

times does not help the defendant, appellant, so far as the second lease is concerned. The invalidity of the second lease arises because, by reason of its execution at a given time, it vested in one individual, at that time, leaseholds in agricultural lands for a period of more than twelve years, because at the time of the execution of the second lease for ten years there vested in the individual with whom it was made a leasehold for the same lands for an unexpired period in excess of three years. The constitutional provision is directed at preventing a single individual's becoming vested with a leasehold or leaseholds in excess of twelve years, whether such leaseholds are contained in one or more instruments or were executed on the same or different occasions. At least, that is the necessary effect of the decisions. In *Hart* v. *Hart* (22 Barb. 606) a lease for a fixed term of years with a covenant of renewal for twelve years was held void as to the renewal period, although valid as to the original term. Accordingly, the validity of the original lease may not be attacked, and plaintiff does not do so in this case, but the second instrument falls within the constitutional provision because it in fact and in terms contained therein expressly declared that the original lease is " extended for a period of ten years from the date of the expiration thereof * * *."

The clear effect of the authorities is that the constitutional provision may not be circumvented by creating two separate terms in leaseholds or by embodying the tying up of the lands in one individual for a period of more than twelve years, in several instruments executed either at the same or different times. Such attempts at frustration of the constitutional provision, whatever the forms or devices adopted, have been nullified invariably in the cases cited.

(2) As to the claim of defendant that the two agreements are capable of being performed in less than twelve years in certain possible contingencies and hence the second agreement should not be held invalid because of the possibility of such a contingency, he particularly invokes *Parish* v. *Rogers* (20 App. Div. 279). The decision in that case was by a divided court and the ground of the determination related to the creation of freehold estates involved in the facts therein which, as has already been indicated, did not come within the condemnation of the constitutional provision. The other case defendant relies upon (*Kent* v. *Kent,* 62 N. Y. 560) involved the Statute of Frauds and a holding that under the facts in that case the statute did not necessarily apply because the agreement in a possible contingency might be performed in less than one year and, therefore, the statute would have no application. That doctrine may not be availed of by the defendant herein,

because in that case its application under well-settled doctrine results in avoiding an injustice under the statute, while if that principle were applied herein it would result in the encouraging of attempts to frustrate a public policy embodied in a constitutional provision. That public policy has come down through the century and was originally designed to protect the State and the inhabitants thereof from the consequences of long leases of agricultural lands and the consequences of the depreciation resulting therefrom because of the exhausting of the farm lands during the course of occupancies under long leases. This public policy is primarily for the benefit of the public and only incidentally for the benefit of private individuals. The constitutional provision is a reversal of the feudal tenure of agricultural lands under the Patroon System, formerly existent in this State. (See 1 Lincoln's Const. Hist. of N. Y. 230, 329; 2 id. 15–25, 115–118, 293, 398; 4 id. 150.) To adopt the suggestion of the defendant, appellant, in this regard would be to ignore the trend of all the decisions, which is to nullify any devices which in their effect directly or indirectly frustrate the constitutional provision respecting the prohibition of the making of leases of agricultural lands, in which rents are reserved, where the terms relate to more than twelve years and inure at a given time to the benefit of a single individual for a prohibited period.

(3) As to the claim of defendant, appellant, that the option of purchase contained in the instrument declared to be void survives the invalidating of that instrument. The consideration for the instrument I stated. I do not see how the invalid part of the consideration, to wit, a lease for a period of years resulting by extension in a violation of the constitutional provision, can be segregated from the valid part of the consideration with respect to the option. The consideration for both is commingled and is not susceptible of being segregated and allocated, part to the option and part to the lease or extension of the existing lease. That consideration was " One dollar and other good and valuable considerations." The other good and valuable considerations cannot be segregated and allocated to the different considerations respecting the lease, payments thereunder and option to buy. Therefore, the doctrine that where a promise is made upon a consideration, part of which is lawful and part of which is unlawful, the whole contract is void, applies here. (*Foley* v. *Speir*, 100 N. Y. 552.) The taint of proof of the illegal consideration invalidates the entire contract and no part of it can be enforced. (*Saratoga County Bank* v. *King*, 44 N. Y. 87; *Pennington* v. *Townsend*, 7 Wend. 276, 280.)

(4) As to the claim of the defendant, appellant, that a waiver or estoppel may be invoked by him against the plaintiff. That claim

is founded upon an assertion that when the defendant took an assignment of the February 28, 1928, ten-year extension of the lease, and also an assignment of the original lease, he saw the plaintiff and told her that he was going to take the assignment of these leases from Bernstein, and at that time she said she was " well satisfied." He does not state he told her what he was going to do on the premises, or anything of that sort. He then said that following his possession under the incident just recited, he made some improvements. This involved expending money on the creamery to the extent of $1,500; on a feed house $500, and other improvements not detailed, making a total of $3,200. It does not appear in the evidence what the character was of the building which he displaced in the form of a milk house, nor does it appear whether it had a value equal to or greater than the new improvement. It appears that the feed house concerned another branch of the defendant's business that had nothing to do with the use of the land as a milk farm. It does not appear that either of the parties knew at that time that the lease extension instrument was in violation of a constitutional provision. Accordingly, on the facts it cannot be said that the plaintiff did anything of an affirmative sort, apart from signing the void lease extension instrument, to induce the defendant to do anything in connection with his use of the premises and that signing occurred before defendant became involved herein. Apart from that, however, the case which the defendant, appellant, cites defeats his contention. It is *Mayor, etc., of New York* v. *M. R. Co.* (143 N. Y. 1, 26). It is there stated: " Persons, or corporations even, may waive in some matters, and upon some occasions, *a constitutional or statutory provision in their favor.* [*Embury* v. *Conner*, 3 N. Y. 511; *Matter of Cooper*, 93 id. 507, 512; *Matter of N. Y., L. & W. R. R. Co.*, 98 id. 447, 453; *Sentenis* v. *Ladew*, 140 id. 463, 466.] In the last-cited case it is said: ' A party may waive a rule of law or a statute, or even a constitutional provision *enacted for his benefit or protection, where it is exclusively a matter of private right,* and no considerations of public policy or morals are involved, and having once done so he cannot subsequently invoke its protection.' " (Italics ours.)

The foregoing indicates the limit of the rule which he invokes. In the instant case the constitutional provision is not primarily or exclusively designed to endow either party with any private benefit or protection. The constitutional provision is designed to enact a public policy for the benefit of the people of the State as a whole. Any private rights that grow from that public policy are merely incidental. This public policy may not, therefore, be the subject of a waiver on the part of the plaintiff. In *People ex rel. Battista*

v. *Christian* (249 N. Y. 314, 318) it is stated: " \* \* \* waiver is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result." In the case at bar fundamental rights of the people as a whole are involved and the enforcement of the constitutional provision is necessary to avoid public injury. Accordingly the constitutional provision, being a matter of public policy which only incidentally gives rise to private rights, may not be the subject of a waiver. As a matter of law and on the facts in this case, no waiver or basis for estoppel exists. To hold otherwise would be to enable parties to frustrate and nullify the constitutional provision involved herein.

The judgment appealed from, holding the extension instrument invalid, should, therefore, be affirmed, with costs.

LAZANSKY, P. J., YOUNG and HAGARTY, JJ., concur; KAPPER, J., dissents upon the ground that the ten-year lease to take effect at the expiration of the existing lease having three years to run, was not within the constitutional prohibition even though it be assumed that these were agricultural lands. The new lease and the unexpired lease were not between the same parties, and no evasion of the constitutional provision was intended nor is it in any wise apparent.

Judgment, in so far as appealed from, affirmed, with costs.