In the Matter of TRAPASSO OLDSMOBILE INC., Respondent. ITALIAN SOCIETY OF M. S. CRISTOFORO COLOMBO, INC., Appellant. PETER J. SPALLINO et al., Intervenors-Appellants.

Fourth Department, July 11, 1956.

*Salem G. Mansour* for appellant and intervenors-appellants.

*Clarence R. Runals* and *Thomas R. Mathias* for respondent.

WHEELER, J.   The appeals in this case are from an order dismissing the petition of Trapasso Oldsmobile Inc., the lessee, for confirmation, pursuant to section 21 of the Membership Corporations Law and section 50 of the General Corporation Law, of a lease made to Trapasso by the Italian Society of M. S. Cristoforo Colombo, Inc.   The respondent society, a membership corporation, appeals, as do four members of the corporation, variously referred to as objecting members or intervenors.

Upon the hearing of the petition, in 1955, the four "intervenors" were the sole objecting parties, the society having answered the petition, admitting its allegations and consenting that the application be granted and that an order confirming the subject lease be made and entered.   Since the entry of the order appealed from, the society has elected new directors and officers, purportedly representing the views of a large majority of the members.   Since the election and installation of the new executive personnel, the society has reversed its position in regard to the present proceeding; in view of its new position, the society has allied itself with the objecting members in appealing from the order dismissing the petition.

The subject lease, for a term of 5 years, was entered into on August 17, 1955 some 19 months before the expiration of another, current 5-year lease of the same premises to the same lessee.   The new lease, the subject of this proceeding, was

executed by the then president of the society, for the society as lessor, and by the president of the lessee corporation. It is a lease *in futuro,* to become effective April 1, 1957 the day following the expiration of the prior lease now in effect. The property covered by the lease is an unimproved lot adjacent to the building owned and occupied by the society on Pine Avenue in the city of Niagara Falls, New York; the use intended by the lessee is for a used car lot. Although not pertinent here, the reason its proponents have advanced for the new lease is the desire for security of tenure upon the part of the lessee, which has agreed, as part of the consideration for the lease, to make certain capital improvements which will inure to the benefit of the leased premises.

Aside from objecting to the lease as not being in the best interests of the society, the intervenors based their objection to the application for confirmance upon the contention that the lease is completely invalid for the reason that it was not submitted to and passed upon by the members, as provided by law and the by-laws of the society. However, rather than passing upon the merits of the application, the trial court reached the conclusion that the lease was authorized, as a matter of internal mechanics, by both the applicable statutes and the by-laws of the society, and then dismissed the petition upon the ground that the lease does not require confirmation by the court as it should not be construed as one for a period of more than 5 years. The points raised by the appellants in this court are (1) that the lease is void *ab initio* because it should be construed as being a lease for more than 5 years and was made without leave of the court as required by section 21 of the Membership Corporations Law, (2) that the lease is invalid because it was not submitted to or passed upon by the members, and (3) that, in any event, the lease should not be confirmed by the court as being in the best interests of the society. This latter point goes to the merits of the application, with which we are not immediately concerned. For now, we must consider the preliminary questions — if the lease be invalid in itself by reason of the circumstances of its making, or if confirmation by the court be not required, there would be no point in passing upon the merits of the application.

The objection of the intervenors that the lease is invalid because it was not submitted to the membership after authorization by the board of directors is predicated upon conceded facts, i.e., that the lease in question was authorized by a majority of the board of directors and was executed by the then president without submission to the membership. Such

procedure, it is contended, was required by law and by the by-laws and customs of the society; thus procedurally defective by virtue of the failure to comply with the required internal mechanics of the society, the lease, it is urged, is completely invalid and may not be confirmed in any event.

We do not read the law involved (Membership Corporations Law, §§ 20, 21; General Corporation Law, § 14, subd. 5; § 50, subd. 8; § 27) as requiring a contract of lease to be submitted to the membership. Nor do we read the by-laws of the appellant society to require such a procedure. Further, as to the effect of any such by-law and as to custom, the record fails to disclose the third party (lessee) had notice of any by-law or custom modifying the power of the board of directors granted by statute. (See 18 C. J. S., Corporations, § 181, subd. d.) We have reached the conclusion that the lease is valid insofar as the mechanics of execution by the society is concerned.

However, turning to the ground upon which rests the order dismissing the petition, we find that the order cannot be affirmed. This issue was not one raised by any of the parties. The thought that the lease should be construed as one for not more than 5 years apparently originated with the trial court. Nevertheless, the order dismissing the petition constitutes a final determination of a special proceeding and effects an adjudication that the subject lease is a valid and binding contractual obligation which is not subject to approval by the court.

The statute which provides for confirmation of a lease '' for more than five years '' does not further explain or define such a lease, nor have we found any judicial interpretation thereof. The statute is not specific regarding the date from which the calculation of the 5-year period should be computed. It does not provide that approval is required in the case of a lease for more than five years '' from the making thereof.'' Such explicitness would obviate the question. On the other hand, the statute neither provides that the 5 years shall be measured from the effective date of the lease, nor precludes the '' tacking '' of the remaining term of an existing lease or the term of an intervening lease to the demise *in futuro* for the purpose of determining whether the latter is a lease for more than 5 years.

Without either explicit statutory amplification or judicial precedent, we should look to the purpose and intent of the legislative enactment as controlling in the interpretation of an ambiguous statutory direction. The statutory requirement that no lease for more than 5 years shall be made without leave of the court could have no other purpose than to prevent the encumbrance of real property of a membership corporation for

more than 5 years unless a responsible neutral, the court, finds it is for the best interests of the corporation. Section 21 of the Membership Corporations Law, read in the light of the other provisions of that law, points to no other conclusion. The whole tenor of the law in the provisions dealing with internal organization is the protection of the individual members and the corporation itself from extended control or domination by a minority. Section 21 covers but one phase of that pattern.

It occurs to us that the lease in the instant case was exactly the sort of transaction the statute seeks to bring under the supervision of the court. Logical extension of respondent's contention that this lease is not one for more than 5 years points up the very basis for the invalidity of its position — the complete frustration of the statutory safeguards. If the present lease is valid in that it should be considered as a lease for not more than 5 years, then any series of 5-year leases, to take effect in the future, would lawfully encumber the real property for as many years as the board of directors authorizing the same might dictate. The membership, having elected a board of directors to manage the affairs of the corporation, should not be subjected to such action on the part of that board — action which might well place the real property beyond the reach or control of the membership for an unreasonable length of time. The protection of the individual members of the corporation, as well as the welfare of the organization itself, demands an interpretation of the statute which limits the board of directors in the exercise of its collective discretion. We can reach no other conclusion than that a lease such as we have here affords the opportunity to effect the clearest subterfuge in escaping the obvious purpose and intent of the statute.

Respondent contends, by way of analogy, that such a lease *in futuro* executed by a trustee under the applicable provisions of the Real Property Law would not be considered as a lease for more than 5 years. We have been cited no authority for this position, nor have we discovered any. The sole judicial precedent on this point, albeit obiter, indicates to the contrary. (*39 Cortlandt St. Corp.* v. *Lambert,* 209 App. Div. 575.) However, regardless of how a comparable lease executed by a trustee would or should be construed as regards the 5-year limitation, we point out that the situation embraced by the trusteeship and that presented by the membership corporation differ considerably with respect to this issue. In the event of any lease for more than 5 years which has not been approved by the court,

the trust remaindermen are protected by a sort of automatic "cut-off"—the death of the life beneficiary. (*39 Cortlandt St. Corp.* v. *Lambert, supra; Weir* v. *Barker,* 104 App. Div. 112; *Matter of City of New York* [*110th St.*], 81 App. Div. 27, affd. 179 N. Y. 572.) This "cut-off" is not, of course, available in the membership corporation lease, or series thereof, which might go into effect in the determinable future without any definite subsequent event to bring about a cancellation of the lessee's interest.

We find no analogy between the provisions of the Statute of Frauds and those of the Membership Corporations Law. The obvious distinction in the purpose and intent of the two statutes rules out the application of those precedents which have interpreted the effect of the Statute of Frauds upon a lease *in futuro.* (See, e.g., *Ward* v. *Hasbrouck,* 169 N. Y. 407; *Becar* v. *Flues,* 64 N. Y. 518; *Young* v. *Dake,* 5 N. Y. 463.)

It follows that the subject lease should be considered as one for more than 5 years and that it was properly before the court for confirmation. This is, incidentally, consistent with the position of the lessee in making application to the court in the first instance. We cannot, however, agree with appellants' contention that the lease for more than 5 years is void *ab initio.* The third paragraph of section 21 of the Membership Corporations Law provides for confirmation of a lease "hereafter" made "without leave of court as required by law". We feel this provision of law provides its own answer to the appellants on this point, and is clearly indicative of the legislative intent to permit the court to later confirm leases made in contravention of another portion of the statute. It is for this reason we conclude that the subject lease is not void from its inception, although we are of the opinion that, regardless of the length of the lease from its effective date, the lease cannot be considered, for the purposes of this proceeding, other than one for more than 5 years.

The Special Term, having reached the conclusion that the lease need not be confirmed by the court, did not pass upon the merits of the application. We thus have nothing to review as regards this issue. The proceeding must be returned to the Special Term for a hearing and determination upon the merits of the petition. Further, in the interests of justice, in view of the circumstances of this proceeding and the history of the society's government, the reversal of the order appealed from should be without prejudice to the society, if so advised, to serve an amended answer within 20 days after service of notice of entry of the order of this court. Likewise, the reversal

should be without prejudice to the petitioner, if so advised, to file, within 20 days after service of notice of entry of the order of this court, answering affidavits to those filed by the objecting members, and to reply, within the time provided therefor by statute, to any amended answer served by the respondent society.

The order dismissing the petition should be reversed and the matter remitted to the Special Term for proceedings not inconsistent with this opinion.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Order reversed on the law and matter remitted to the Special Term for proceedings not inconsistent with the opinion, without prejudice to the society, if so advised, to serve an amended answer within 20 days after service of notice of entry of the order herein, and without prejudice to the petitioner, if so advised, to file, within 20 days after service of notice of entry of the order herein, answering affidavits to those filed by the objecting members, and to reply, within the time provided therefor by statute, to any amended answer served by the respondent society, without costs of this appeal to either party.