Louis J. Capozzoli, J.
This is an action brought for the purpose of declaring void two leases, dated December 22, 1953 and June 26, 1958, which were entered into between the Manufacturers Trust Company, as committee of the property of Ethel J. Quin, incompetent, and Sarra, Inc.
On or about December 22, 1953 the defendant Sarra, Inc., was in possession of certain space in real property belonging to the incompetent, under a lease approved by the court, for a term of 10 years that was to end April 30, 1955. On the date first mentioned in this paragraph, the committee entered into a written agreement with the defendant, Sarra, Inc., letting the space occupied by the latter for an additional term of 5 years, to commence May 1, 1955 and to terminate on April 30, 1960. No court approval was obtained for this latter agreement.
*748 Again, on or about June 26, 1958, another written agreement was entered into, between the same parties, whereby it was purported to further extend the term of the letting of the same space to the defendant, Sarra, Inc., for an additional period of 5 years, commencing August 1,1958 and to terminate not earlier than July 1, 1963. This latter agreement was also entered into without court approval.
The plaintiffs now move for summary judgment in their favor and against the defendant, Sarra, Inc., declaring void the two extension agreements. The theory of the plaintiffs is that these two leases are void because they were entered into in violation of section 1377 of the Civil Practice Act.
Section 1377 of the Civil Practice Act reads in part: “ But a committee of the property cannot alien, mortgage, or otherwise dispose of real property, except to lease it for a term not exceeding five years, without the special direction of the court obtained upon proceedings taken for that purpose, as prescribed in this act.”
All parties agree that there is no known case construing this quoted language. However, similar language is found in other statutes which has been passed upon by the courts and it is, therefore, important to consider the eases dealing with such similar language.
Section 106 of the Beal Property Law reads as follows: • ‘ When trustee may lease trust property without court approval. A trustee appointed to hold real property during the life of a beneficiary, and to pay or apply the rents, income and profits thereof to, or for, the use of such beneficiary, may execute and deliver a lease of such real property for a term not exceeding five years, without application to the court.” (As amd. by L. 1923, ch. 644; L. 1937, ch. 141, § 2, eff. Sept. 1, 1937.) In 39 Cortlandt St. Corp. v. Lambert (209 App. Div. 575) a trustee leased premises for 5 years to commence on May 1, 1918, and, while the lease had more than 3 years to run, executed a lease for 5 additional years, to commence May 1, 1923. The court held that, in view of section 106 of the Beal Property Law, the second lease was absolutely void.
In the last-cited case, at page 579, the court said: “A demise for a term to commence in the future passes to the lessee a present interest in the premises, an interesse termini. If an individual owner in fee had on November 12, 1919, granted to Lambert a lease for five years to commence on May 1, 1923, he would immediately have become vested with a present interest. Either Mr. Lambert or the successor to his rights would under that grant have been entitled to enjoyment of a leasehold estate *749 on May 1,1923. But Mr. Day’s capacity as trustee changed the whole character of the transaction. He had no right to pass a present interest to a future estate. The common law gave him no certain interest in the property which would necessarily exist on May 1, 1923. The trust might end prior thereto and terminate his title. The statute gave him no other rights because lie did not act within its terms. Hence the lease could not operate as a present demise of a future term. As a lease, it was absolutely void.”
Again, at page 580, the court said: “When the Legislature fixed the largest period at five years, it was clearly intended that such term should be the extreme limit of time during which the remaindermen could be denied their exclusive possession subsequent to the death of the life tenant. In the case of an application for permission to lease for a longer period, this limit could be extended beyond five years. No such facile device to defeat the statute can be permitted as results from dividing the tenancy into two or more leases, one for five years and the other to begin in the future when the former one ends.” (Emphasis supplied.)
Section 21 of the Membership Corporations Law, in part, reads as follows: “No sale or mortgage, other than a purchase money mortgage, of real property within the state, or lease thereof for more than five years, shall be made without leave of the supreme court.” It will be noted that the quoted language is, in effect, similar to the language of section 1377 of the Civil Practice Act. The case of Matter of Trapasso Oldsmobile (Italian Soc.) (2 A D 2d 166) considered this section of the Membership Corporations Law and held that a renewal lease, while being in fact for a term of 5 years only, came within the intent of the statute because it was made 19 months prior to the expiration of the current term and, therefore, needed the approval of the Supreme Court to be valid.
In Parthey v. Beyer (228 App. Div. 308) the court declared void successive leases, executed at different times, where the combined terms exceeded the constitutional limit of 12 years, as provided in section 13 of article I of the New York State Constitution, in force during the time when the leases were executed.
It is clear that the reasoning of the courts in the above-cited cases compels the conclusion that the leases which are the subject matter of this action are void.
This court has considered the various arguments advanced by the defendant, Sarra, Inc., in support of its claim that the leases are valid and also in support of the various defenses and *750 counterclaims urged by it in its answer and it is convinced that there is no merit in the contentions of this defendant. The cases cited by it have no application to the factual situation at bar.
Therefore, the motion of the plaintiffs for summary judgment against the defendant, Sarra, Inc., declaring void the two leases mentioned in the complaint is granted.
The cross motion of the defendant, Sarra, Inc., for summary judgment against the Manufacturers Trust Company, third-party defendant, is denied. Since this court has held that the leases in question are both void, no rights can accrue to defendant, Sarra, Inc., thereunder. The further contention of the defendant, Sarra, Inc., that, independent of contract, the expressed covenant of quiet enjoyment constitutes representation made by Manufacturers Trust Company, on which Sarra, Inc., relied, is untenable. Sarra, Inc., knew perfectly well that the leases were being entered into by Manufacturers Trust Company as committee of the property of the incompetent and was, therefore, put on notice. This information is found in the leases themselves. Hence Sarra, Inc., should have known of the limitations imposed by section 1377 of the Civil Practice Act and it cannot now argue that there was a misrepresentation by the Manufacturers Trust Company.