Burke, J. (concurring).
We do not agree with the majority that the last lease was invalid because it was executed 35 days prior to the commencement of the five-year term. This appeal pivots upon a construction of that portion of section 1377 of the Civil Practice Act which permits, without judicial permission, a committee of an incompetent to lease property ‘ ‘ for a term not exceeding five years ”. The appellant seeks a reversal of the judgment which declared two leases dated December 22, 1953 and June 26, 1958, which were entered into between the committee of the incompetent, and Sarra, Inc., invalid and dismissed its third-party complaint.
The pertinent provision of section 1377 which is involved provides as follows: “ But a committee of the property cannot alien, mortgage or otherwise dispose of real property, except to lease it for a term not exceeding five years, without the special direction of the court obtained upon proceedings taken for that purpose, as prescribed in this act ” (emphasis supplied).
In March of 1945 appellant entered into a valid five-year lease agreement commencing May 1,1945 whereby it obtained possession of certain premises located and known as 927-933 Third Avenue, New York, N. Y. Approximately six months thereafter, this lease was cancelled and superseded, with judicial approval, by a 10-year lease which was to terminate on April 30, 1955.
On December 22,1953 a third lease was executed for a term of five years to commence on the expiration of the existing lease (i.e., May 1, 1955).
On June 26,1958 a fourth agreement, canceling the third lease, was made for a term not exceeding five years commencing on August 1, 1958.
The latter two agreements were entered into by the committee and Sarra, Inc., without court approval. Thereafter, and sub *98 sequent to the incompetent’s death in December of 1958, the plaintiffs, heirs of the deceased incompetent, brought this action to declare the latter agreements void ab initio solely on the ground that they were made in excess of the five-year maximum permitted by the statute.
The Supreme Court, following judicial constructions of similar language in other sections of other laws (Thirty-Nine Cortlandt St. Corp. v. Lambert, 209 App. Div. 575, construing Real Property Law, § 106; Matter of Trapasso Oldsmobile [Italian Soc.], 2 A D 2d 166, revd. on other grounds 4 N Y 2d 133, construing Membership Corporations Law, § 21; Parthey v. Beyer, 228 App. Div. 308, construing N. Y. Const., former art. I, § 13), held that the leases were void ab initio. We agree, but upon a different ground insofar as the last lease is concerned.
There can be no doubt that the third agreement was invalid. The December, 1953 agreement provided in effect that the new lease was to be tacked upon the then existing lease which had approximately 16 months to run. At the date of the agreement, therefore, Sarra, Inc., had a right to remain in possession for six years, four months. This is inconsistent with and in derogation of the express mandate of the statute which limits any lease, entered into without judicial permission, to a five-year period. This identical device was declared void in Matter of Trapasso Oldsmobile (Italian Soc.) (supra). In that case the Appellate Division held that a five-year lease, entered into some 19 months before the expiration of a current five-year lease, exceeded the statutory limitation. In reversing the Appellate Division on other grounds, we stated that: “If this lease did not require court approval then, correctly reasoned the Appellate Division, ‘ any series of 5-year leases, to take effect in the future, would lawfully encumber the real property for as many years as the board of directors authorizing the same might dictate ’ ” (4 N Y 2d, supra, p. 136).
The invalidity of the last lease cannot be attributed to the fact that the lease was executed 35 days prior to the commencement of the five-year term. Such an interpretation of the statute would unnecessarily restrict the negotiations leading to the preparation of the five-year lease authorized by the statute. Both current and prospective tenants require advance assurance that they will obtain a full five-year lease. Indeed it would be *99 impractical to refuse to allow the committee a reasonable time in which to negotiate, prepare and execute the lease for a new or successive period. The cases cited by the opinion below and respondents (i.e., Gortlandt and Trapasso, supra), declaring void the execution of a five-year lease to commence in the future, are distinguishable. Those cases were talking about an agreement (such as the third lease here) which would be “ coupled with ” an existing lease that has a substantial time to run. They were not intended to prevent negotiation and execution of a lease within a reasonable period prior to the commencement of the term of the five-year lease.
The last lease nevertheless is invalid because of the leasing of additional space then occupied by a statutory tenant. This portion of the agreement, which the court below failed to discuss, provided that, in the event the statutory tenant did not agree to vacate prior to July 31, 1958, the committee would, pursuant to the Emergency Business and/or Commercial Space Rent Control Law (L. 1945, chs. 3, 314, as amd., § 8, subd. [kk]), commence summary proceedings to remove said tenant. It further provided that “ [the] Landlord, to the extent permitted by law, and Tenant agree that the expiration date of this lease shall be extended from July 31, 1963, by the number of days from August 1, 1958, to the date Landlord tenders to Tenant possession of said fourth floor, so that the term of this lease shall in all events be for five (5) years.” (Emphasis added.) The validity of the lease must be judged by the consequences which would flow from the performance of its terms in the light of the circumstances present at the time it was to commence, not conditions later arising due to the incompetent’s death. The argument of appellant, that the phrase ‘ ‘ to the extent permitted by law ” meant that the term of the lease had to comply with section 1377 of the Civil Practice Act, is specious. Under the emergency rent laws, in order to secure the order of eviction (granted in November of 1958, with a stay of approximately six months) the landlord had to assert that it had obtained “ a bona fide offer to enter into a lease with a prospective tenant * * * for a term of five years or more ” (§ 8, subd. [kk]; emphasis supplied). It was imperative, therefore, since there was no reasonable assurance that the statutory tenant could be removed immediately, or even within a reasonable time, that the term of *100 the lease be extended beyond August. 31, 1963. In other words, the five-year limitation of section 1377 would be extended to include the incalculable, and often protracted, judicial process of eviction.
Had the agreement for the additional space been omitted, or if it was separate and/or excisable, the last lease would have been valid. Since the preceding lease was void ah initio, it is apparent that on the date of the subsequent agreement appellant itself was either a holdover or statutory tenant. In either event there was nothing to thwart the negotiation and execution of a five-year lease with a prospective lessee. However, as we read it, the lease is entire. It clearly and unequivocally states that “ Landlord hereby leases to Tenant * * * [the] small basement storage room, the entire second and third floors and mezzanine balcony thereof and the entire fourth floor ” (emphasis supplied). The latter portion, of course, is that occupied by the statutory tenant which the contracting parties sought to remove by summary proceedings under the emergency rent laws. The entirety of the lease is also apparent from the terms employed in the attempted extension which was necessary, insofar as the fourth floor was concerned, in order to comply with the emergency rent law. Bather than limiting its application to the fourth floor, it specifically extends the entire lease, and adds final emphasis by stating that ‘1 this lease shall in all events be for five (5) years ”.
We cannot sanction, as a saving clause, the equivocal usage of the phrase “to the extent permitted by law”. The text, Within which it is employed, attempts, it seems, to accomplish mutually exclusive objectives. On the one hand, in order to comply with the rent control statute, appellant states that the lease shall be extended, and shall in all events be for five years — thereby ignoring the five-year (August 31, 1963) maximum. Subsequent to the accomplishment of this objective and when later faced with section 1377, appellant calls upon the alleged saving clause in order to fix the termination of the lease at August 31, 1963—thereby, although complying with the Civil Practice Act, revealing the concealed intent to evade the rent control statute. Such evasive tactics cannot be countenanced.
The third-party complaint was properly dismissed. This complaint alleges (1) a breach of an express covenant of quiet *101 enjoyment; (2) breach of an implied warranty that the committee had authority to execute said lease; and (3) that the express covenant constitutes a material representation which was false.
As aptly noted by the Supreme Court, since the leases herein are in violation of the statute and void ab initio, the appellant can assert no rights thereunder. In addition, since appellant was, through its attorneys and the language of the leases, well aware of the status of the lessor and the limitations of section 1377, the allegations of the second and third causes of action are without merit. We should not indirectly condone participation in these borderline contracts (which seek to alienate an incompetent’s property beyond statutory limitation) by permitting incidental actions arising therefrom. Appellant knowingly exposed itself to this risk when it accepted the leases without requesting that judicial approval be obtained. The so-called misrepresentation flies in the face of appellant’s knowledge of the circumstances and acquiescence in the illegal attempt to prolong the statutory limitation.
Accordingly, the judgment entered upon the order of the Appellate Division should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis and Foster concur; Judge Burke concurs in an opinion in which Judge Froessel concurs.
Judgment affirmed, etc.